UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHERICA R.-C.,

       Plaintiff,                        Case No. 2:24-cv-11921
                                         Honorable Anthony P. Patti

v.

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.
_____/

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF No. 9), GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF No. 11), and AFFIRMING THE DECISION OF THE COMMISSIONER OF SOCIAL SECURITY**

**I.**     **Background**

Sherica R.-C. ("SRC") applied for disability insurance (DI) and supplemental security income (SSI) benefits in November 2021, in each case alleging disability beginning July 20, 2020.  (ECF No. 6, PageID.185, 187.)  The claims were denied initially in July 2022 and upon reconsideration in March 2023.  (*Id*., PageID.55-92, 112-133.)

SRC sought a hearing with an ALJ (*id*., PageID.134), and, on September 19, 2023, ALJ Therese Tobin conducted a hearing, at which the claimant, her counsel, and a vocational expert (VE) appeared (*id*., PageID.30-54).  On October 4, 2023, ALJ Tobin issued an unfavorable decision.  (*Id*., PageID.93-111.)

SRC requested review (*id.*, PageID.182-184); however, on May 30, 2024, the Appeals Council (AC) denied the request for review (*id.*, PageID.17-22).

## II. Instant Case & Pending Motion

On July 26, 2024, Plaintiff brought this action under 42 U.S.C. § 405(g) and/or 42 U.S.C. § 1383(c)(3) for review of the final decision of the Commissioner of Social Security (Commissioner). The parties have consented to my jurisdiction to handle this case through entry of a final judgment. (ECF No. 8.)

Currently before the Court is Plaintiff's motion for summary judgment (ECF No. 9), which identifies a single challenge to the Commissioner's findings:

> The ALJ erred in failing to explain how she considered [SRC's] allegation – supported by medical opinion evidence – that she needed to elevate her legs most of the day to manage her neuropathy pain.

(*Id.*, PageID.636, 643.) The Commissioner filed a cross-motion for summary judgment (ECF No. 11), and Plaintiff has filed a reply (ECF No. 12).

On June 20, 2025, the Court conducted a video conference hearing (*see* ECF No. 13), at which Attorney Bethany Versical and Assistant United States Attorney Edmund J. Rooney appeared. Following a short recess, the Court issued a lengthy opinion on the record.

## III. Standard

Plaintiff has the burden of proof on her statement of error, as she challenges the ALJ's RFC determination, which occurs between steps 3 and 4 of the

2

sequential process.  *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997) ("[D]uring the first four steps, the claimant has the burden of proof; this burden shifts to the Commissioner only at Step Five.").  "[A] decision supported by substantial evidence must stand, even if [the court] might decide the question differently based on the same evidence." *Biestek v. Comm'r of Soc. Sec.*, 880 F.3d 778, 783 (6th Cir. 2017).  The Court must "'take into account whatever in the record fairly detracts from [the] weight'" of the Commissioner's decision.  *TNS, Inc. v. NLRB*, 296 F.3d 384, 395 (6th Cir. 2002) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951)).  Even if the ALJ's decision meets the substantial evidence standard, "'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'"  *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

**IV.   Discussion**

Upon consideration of the motion papers, the oral argument of counsel during the June 20, 2025 video hearing, and for all the reasons stated on the record by the Court, <u>which are hereby incorporated by reference as though fully restated herein</u>, Plaintiff's motion for summary judgment (ECF No. 9) is **DENIED**, Defendant's motion for summary judgment (ECF No. 11) is **GRANTED**, and the

3

decision of the Commissioner of Social Security is **AFFIRMED**. The Court, as reflected in its on-the-record ruling, particularly notes the following:

### A.   Opinion evidence

Plaintiff challenges the ALJ's consideration of the opinion evidence, particularly the ALJ's treatment of primary care physician (PCP) Isis A. Hanna, M.D.'s undated opinion (*see id.*, PageID.615-618), which the ALJ "did not find . . . to be persuasive . . . [,]" as it "is [neither] supported by Dr. Hanna's own treatment records nor consistent with the evidence of record as a whole[,]" (*id.*, PageID.104). (*See* ECF No. 9, PageID.650-656.)  However, the Court finds the ALJ's treatment of Dr. Hanna's opinion was in accordance with 20 C.F.R. § 404.1520c for at least the following reasons:

1. Preliminarily, the ALJ observed that PCP Hanna's opinion was undated (*see* ECF No. 6, PageID.104); therefore, even though the opinion makes reference to an earliest symptom/limitation date of March 5, 2021 (*see* ECF No. 6, PageID.618), there are as many as 13 or 14 months between it and the May 26, 2022 opinion of consultative examiner (CE) Katherine H. Karo, D.O. (*see id.*, PageID.579-586). Its currentness and reliability are affected by an inability to pin down when it was given.

2. The ALJ explained that "Dr. Hanna's treatment records are largely illegible[,]" (ECF No. 6, PageID.104); this goes to the issue of supportability (*see* 20 C.F.R. § 1520c(c)(1)).  Moreover, recontacting the PCP was discretionary.  *See* 20 C.F.R. § 404.1520b(b)(2)(i) ("We may recontact your medical source."); *Harrell v. Comm'r of Soc. Sec.*, No. 18-10698, 2020 WL 435229, at *4 (E.D. Mich. Jan. 28, 2020).

3. Notwithstanding the illegibility of Dr. Hanna's treatment records, the ALJ noted that such records "reference uncontrolled diabetes, headaches, and neuropathy," but also correctly noted "there are no substantial physical examination finding[s] showing the severity of limitations contained in this opinion . . . [,]" (ECF No. 6, PageID.104 (*citing id.*, PageID.401, 403-405, 625-626)). Oral argument demonstrated that the lack of substantial physical examination is undisputed. This goes to the supportability and "extent of the treatment relationship" factors. *See* 20 C.F.R. §§ 1520c(c)(1),(3)(iv).

4. The ALJ also noted that "the remaining evidence does not show the inability to lift weight as the claimant routinely recovered well from her ulnar neuropathy release procedure and she demonstrated 5/5 strength on consultative examination . . . [,]" (ECF No. 6, PageID.104 (*citing id.*, PageID.408, 580)). This goes to the consistency factor. *See* 20 C.F.R. § 404.1520c(c)(2).

5. The ALJ further noted that, "while the claimant complained of ongoing neuropathy symptoms, she had a normal gait during consultative examination and Dr. [K]aro opined that she would only have limitations in prolonged standing, bending, stooping, squatting, and stairclimbing ([ECF No. 6, PageID.579-586])." (ECF No. 6, PageID.104.) This goes to the consistency factor. *See* 20 C.F.R. § 404.1520c(c)(2).

6. The ALJ found CE Karo's opinion "to be persuasive as it is supported by her examination findings and consistent with the evidence of record as a whole[,]" (*id.*, PageID.103). Plaintiff discusses this piece of evidence as consistent with PCP Dr. Hanna's opinion (*see* ECF No. 9, PageID.653); however, the Commissioner contends, *inter alia*, that Dr. Karo did not "require[e] a leg elevation limitation[,]" (*see* ECF No. 11, PageID.676-677). The ALJ was entitled to rely upon CE Karo's opinion, and it was within her zone of choice to find it persuasive. *See Camille v. Colvin*, 652 F. App'x 25, 28 (2d Cir. 2016).

7. Citing Plaintiff's function report (*see* ECF No. 6, PageID.259-266), the ALJ also observed that, "at times in the record, the claimant endorsed being able to help take care of her husband and

5

granddaughter, feed herself, prepare meals, do smaller chores indoors, walk places, ride in a car, shop in stores, socialize with others, and attend church services." (*Id.*, PageID.104.) This goes to the consistency factor, *see* 20 C.F.R. § 404.1520c(c)(2), if not also to the ALJ's consideration of Plaintiff's daily activities, *see* 20 C.F.R. § 404.1529(c)(3)(i). (*Id.*, PageID.104, 105).

8. The ALJ noted that Plaintiff "was referred to an endocrinologist and neurologist but there is no evidence of these treatments ([ECF No. 6, PageID.625-626])." (*See* ECF No. 6, PageID.103, 105.) *See also Clear v. Berryhill*, No. CV 17-13836, 2018 WL 8345159, at *7 (E.D. Mich. Dec. 28, 2018) ("failure to seek treatment from a specialist for alleged disabling pain" is a legitimate consideration in discounting "reported severity of symptoms"), *report and recommendation adopted sub nom. Clear v. Comm'r of Soc. Sec.*, No. 17-13836, 2019 WL 1349615 (E.D. Mich. Mar. 26, 2019).

9. Although the August 2022 opinion of William Bennett, DPM "advised rest ice elevation as needed . . . [,]" this was only with respect to Plaintiff's "tendinitis and tendon dysfunction . . . [,]" as opposed to neuropathy. (*Id.*, PageID.597.)[1]

10. When finding the opinions of the state agency internal medicine consultants (*see id.*, PageID.63-70, 73-81) "to be partially persuasive as they are not entirely consistent with the evidence of record as a whole[,]" the ALJ found a more restrictive RFC (*see* ECF No. 6, PageID.104).

11. Dr. Hanna's elevation opinion is in a check box form (*see, e.g., Hernandez v. Comm'r of Soc. Sec.*, 644 F. App'x 468, 474 (6th Cir. 2016) (Check-box opinions, unaccompanied by any explanation, are "weak evidence at best[.]").

---

[1] The Court also notes the non-specificity of Dr. Hanna's reference to elevation of Plaintiff's legs "when necessary[,]" even though the question posed was "*what percentage of time* during an 8-hour working day should the leg(s) be elevated?" (ECF No. 6-1, PageID.616 (emphasis in original).) In any case, this is not consistent with Plaintiff's testimony that she needs to elevate her legs "most of the time . . . ." (*Id.*, PageID.37.)

Notwithstanding Plaintiff's challenge (*see* ECF No. 6, PageID.656-657), a logical bridge from the evidence to the ALJ's determination exists, and the Court is able to follow it. The ALJ appropriately addressed Dr. Hanna's opinion in accordance with 20 C.F.R. § 404.1520c(b)(1) ("Source-level articulation"). Although clearly considered, the opinion suffered from several shortcomings, as discussed at length above and from the bench, and the ALJ's finding that it was not persuasive was supported and justified. The ALJ was not required to separately and expressly address Dr. Hanna's leg elevation recommendation.

For all of the foregoing reasons, as well as those placed on the record at the June 20, 2025 hearing, the Court finds that the ALJ's articulation of the supportability and consistency factors – and perhaps even the relationship and specialization factors – satisfied 20 C.F.R. § 404.1520c(b),(c).

### B.   Subjective symptoms

Although Plaintiff's statement of error in this appeal does not challenge the ALJ's compliance with 20 C.F.R. § 404.1529 ("How we evaluate symptoms, including pain."), Plaintiff testified about elevating her legs (*see* ECF No. 6, PageID.37, 43-44), and the ALJ acknowledged Plaintiff's testimony that "she must elevate her legs throughout the day . . . [,]" (ECF No. 6, PageID.101). As noted during the June 20, 2025 hearing, the Court finds the ALJ's consideration of Plaintiff's subjective symptoms was in accordance with 20 C.F.R. §

7

404.1529(c)(3)(i)-(vii). The ALJ considered not only Plaintiff's daily activities but also her apparent non-compliance with recommended treatment, *etc*. (*see*, e.g., ECF No. 6, PageID.101, 103). As explained from the bench, the ALJ was not required to accept the VE's sixth hypothetical (*see id*., PageID.51-52).

## V.  Order

For the reasons detailed above, Plaintiff has not met the burden of proof on her statement of error. Accordingly, Plaintiff's motion for summary judgment (ECF No. 9) is **DENIED**, Defendant's motion for summary judgment (ECF No. 11) is **GRANTED**, and the decision of the Commissioner of Social Security is **AFFIRMED**.

**IT IS SO ORDERED.**

Dated:  June 27, 2025

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE